UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE A. AKINSANMI,

        Plaintiff,

        v.

NATIONSTAR MORTGAGE, et al.,

        Defendants.

Civil Action No. 16-7732 (MAS) (TJB)

**MEMORANDUM**
**ORDER TO SHOW CAUSE**

## I. BACKGROUND

This matter arises out of Plaintiff Lawrence Akinsanmi's ("Plaintiff") November 23, 2016 Motion for a preliminary injunction and Order to Show Cause seeking a temporary restraining order ("Motion") against Defendants Bank of America, N.A. and U.S. Bank, N.A., as trustee for the Certificateholders of Bank of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-J (collectively, "Defendants"). (ECF No. 3.) On December 5, 2016, the Court issued an Order to Show Cause, which set a briefing schedule for Plaintiff's Motion and provided that "[b]y December 9, 2016, Plaintiff must personally serve upon Defendants a copy of this Order to Show Cause, Complaint (ECF No. 1), Motion for Preliminary Injunction (ECF No. 3), and supporting affidavits, together with a summons." (ECF No. 5.) On December 19, 2016, Defendants filed correspondence indicating that Defendants had not been served as directed. (ECF No. 7.) On December 19, 2016, Plaintiff filed correspondence stating that:

> [t]he paperwork requested was in fact sent originally to Defendants via UPS however, I cannot at this time find the tracking number and admittedly was not set to Defendant's attorney when she entered the case. . . . I have immediately sent a copy of our emergent relief request to Defendant's attorney's fax number . . . and email. . . . Further, if defendant has not received copies, I would have been happy to re-serve the paperwork if the court orders us to do so. Additionally, we will consent to an adjournment in time for Defendant's response if the court does so order one.

(Pl.'s Dec. 19 Letter, ECF No. 9.)

Defendants' December 20, 2016 responsive correspondence provided, in relevant part:

> The complaint in this matter was filed on October 23, 2016. To date I have no knowledge of my clients being served with a summons and complaint. Moreover, the Motion for Injunctive Relief which Mr. Thomas sent to my attention yesterday was filed on November 23, 2016 (ECF No. 3) and is clearly visible on PACER. It is my clients' position that the service defects in this case have yet to be remedied, despite the Court's clear direction for Plaintiff to do so on or before December 9, 2016. It is now ten full days past that deadline.

(Defs.' Dec. 20, 2016 Letter, ECF No. 10.)

Defendants filed additional correspondence on January 11, 2017, which summarized the history of this matter and provided, in relevant part, "[Defendants] write today to reiterate that the complaint in this matter was filed on October 23, 2016 and yet the service defects in this case have yet to be remedied despite the Court's clear direction for Plaintiff to do so via two separate orders." (Defs.' Jan. 11, 2017 Letter, ECF No. 12.)

In addition to the service-related correspondence on the docket, Defendants filed a motion to dismiss on December 9, 2016. (ECF No. 9.) The motion was returnable on January 3, 2017, and Plaintiff's opposition papers were due by December 20, 2016. Plaintiff failed to file opposition to Defendants' motion.

II.     **DISCUSSION**

Federal Rule of Civil Procedure ("Rule") 4(h) sets forth the requirements for service upon a corporation.[1] In addition, Rule 4(d) contains a waiver-of-service provision[2] and requires a court

---

[1] Rule 4(h) provides that "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(A),(B).

[2] Rule 4(d)(1) provides that "(1) [a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may

to impose attorneys' fees upon a defendant that fails to sign and return a properly-requested waiver.[3] Notably, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

With respect to motion practice in the District of New Jersey, Local Civil Rule 7.1(d)(2) provides that:

> [t]he brief and papers in opposition to a motion, specifying the motion day on the cover page, with proof or acknowledgment of service thereof on all other parties, must be filed with the Clerk at least 14 days prior to the original motion day, unless the Court otherwise orders, or an automatic extension is obtained pursuant to L.Civ.R. 7.1(d)(5).

L. Civ. R. 7.1(d)(2).

When considering injunctive relief applications, the Court must remain mindful that the grant of injunctive relief is "an extraordinary remedy[,]" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). Specifically, a preliminary injunction "should be granted only if '(1) the [movant] is likely to succeed on the merits; (2) denial will result in irreparable harm to the [movant]; (3) granting the injunction will not result in irreparable harm to the [non-movant]; and (4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)).

---

notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1).

[3] Rule 4(d) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(A),(B).

3

Significantly, "more than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'" *Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

Here, it appears to the Court that Plaintiff has failed to comply with Rule 4 and Local Civil Rule 7.1(d)(2). Moreover, Plaintiff's failure to comply with the Court's Orders strongly militates against the alleged immediacy of his motion for a preliminary injunction. The Court, therefore, finds good cause to issue an Order to Show Cause as to why the Court should not: (1) dismiss the Complaint without prejudice for failure to comply with Rule 4; (2) consider Defendants' motion to dismiss as unopposed for failure to comply with Local Civil Rule 7.1(d); and (3) deny Plaintiff's motion for a preliminary injunction for failure to demonstrate immediacy based on the substantial delays to date in this matter.

### III.  ORDER TO SHOW CAUSE

Based on the foregoing, **IT IS** on this 3rd day of February 2017, **ORDERED** that:

1. By **February 17, 2017**, Plaintiff must electronically file a response to this Court's Order to Show Cause. Plaintiff's response must:

    A. include proof of service of the Complaint in compliance with Rule 4;

    B. set forth the reasons for Plaintiff's failure to file a brief in opposition to Defendants' motion to dismiss (To the extent that Plaintiff seeks to file an opposition brief out of time, Plaintiff must attach the proposed opposition brief to his response to the Order to Show Cause. The opposition brief must specifically address each of the issues raised by Defendants in Sections A., B., and C. of their opposition brief.); and

4

   C.  set forth the reasons the Court should not deny Plaintiff's motion for a preliminary injunction for failure to demonstrate immediacy.

2. Defendants may file a response by **March 7, 2017**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE