**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LAWRENCE A. AKINSANMI,

Plaintiff,

v.

NATIONSTAR MORTGAGE, et al.,

Defendants.

Civil Action No. 16-7732 (MAS) (TJB)

**MEMORANDUM ORDER TO SHOW CAUSE**

This matter comes before the Court upon Defendants Nationstar Mortgage LLC ("Nationstar") and U.S. Bank, N.A.'s ("U.S. Bank") motion to dismiss Plaintiff Lawrence A. Akinsanmi's ("Plaintiff") Complaint, filed on December 9, 2016. (ECF No. 6.) Nationstar and U.S. Bank's motion to dismiss was returnable on January 3, 2017, and Plaintiff's opposition papers were due by December 20, 2016. Plaintiff failed to file opposition to the motion. This matter also comes before the Court upon Defendant Bank of America, N.A.'s ("Bank of America") (Nationstar, U.S. Bank, and Bank of America collectively referred to as "Defendants") motion to dismiss Plaintiff's Complaint, filed on April 4, 2017. (ECF No. 22.) Bank of America's motion to dismiss was returnable on May 1, 2017, and Plaintiff's opposition papers were due by April 17, 2017. Plaintiff failed to file opposition to the motion.

A review of the docket in this matter reflects Plaintiff's failure to prosecute his case in a timely manner and failure to timely and adequately respond to the Court's orders. Significantly, on February 3, 2017, the Court issued an Order to Show Cause. (OTSC, ECF No. 13.) The OTSC required Plaintiff to file a response by February 17, 2017. (*Id.*) The OTSC also required Plaintiff to provide proof of service of the Complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure and to set forth the reasons for Plaintiff's failure to file a brief in opposition to Defendants' motion to dismiss. (*Id.*) In addition, the OTSC specifically provided:

> To the extent that Plaintiff seeks to file an opposition brief out of time, Plaintiff must attach the proposed opposition brief to his response to the Order to Show Cause. The opposition brief must specifically address each of the issues raised by Defendants in Sections A., B., and C. of their opposition brief.)

(*Id.*)[1]

Plaintiff failed to file a response to the OTSC by February 17, 2017. On February 23, 2017, counsel for Nationstar and U.S. Bank filed correspondence indicating that Plaintiff ignored the Court's order and requesting the Court to grant their motion to dismiss as unopposed. (ECF No. 14.) On February 24, 2017, Plaintiff's counsel filed correspondence that stated, "for some reason I did not see the previous filing on February 3, 2017." (ECF No. 15.) Plaintiff's counsel also stated, "I will make sure to complete everything in a timely process from now on for this case. I will immediately submit proof of service the moment it is completed." (*Id.*) Plaintiff's counsel, however, failed to file a proposed opposition brief to Nationstar and U.S. Bank's motion to dismiss. Rather, after counsel for Nationstar and U.S. Bank filed supplemental correspondence pointing out the deficiencies in Plaintiff's submission (ECF No. 16), counsel for Plaintiff stated, "if the [C]ourt orders us to respond to the motion to dismiss . . . , we will of course do so immediately." (ECF No. 17.) In making this representation, Plaintiff's counsel failed to acknowledge the portion of the Court's February 3, 2017 OTSC that clearly required Plaintiff to attach a proposed opposition brief to his response to the OTSC. On March 9, 2017, Plaintiff filed affidavits of service. (ECF Nos. 19, 20.) On April 4, 2017, Bank of America filed its motion to dismiss, to which Plaintiff similarly failed to respond by the opposition deadline.

---

[1] The OTSC additionally required Plaintiff to "set forth the reasons the Court should not deny Plaintiff's motion for a preliminary injunction for failure to demonstrate immediacy." (*Id.*) The Court denied Plaintiff's motion for a preliminary injunction for failure to demonstrate immediacy (ECF Nos. 23, 24), so that issue is now moot.

Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of a plaintiff's case for failure to comply with a court's rules and orders. *Poulis v. State Farm Casualty Co.* sets forth the factors that a court must consider when deciding whether to involuntarily dismiss a case, namely:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by [the plaintiff's conduct]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

747 F.2d 863, 868 (3d Cir. 1984).

Here, in spite of Plaintiff's counsel's representation that he "[would] make sure to complete everything in a timely process from now on for this case," there are two motions to dismiss before the Court that are not briefed. Moreover, the docket reflects a history of delays and failures to comply with the Court's orders.

Based on the foregoing,

**IT IS** on this 4th day of May, 2017, **ORDERED** that:

1. By **May 15, 2017**, Plaintiff must show cause in writing as to why the Complaint should not be dismissed with prejudice pursuant to Rule 41(b) for failure to comply with the Court's orders.

    A. Plaintiff's submission must address the six *Poulis* factors.

    B. Plaintiff's submission must indicate why Plaintiff failed to file opposition to the pending motions to dismiss in a timely manner. **To the extent that Plaintiff seeks leave to file opposition to Defendants' motions to dismiss**

3

<u>out of time, Plaintiff must attach the proposed opposition to his response to the Order to Show Cause.</u>[2]

2. Defendants may file a response by **May 25, 2017**.

                                          s/ Michael A. Shipp
                                          **MICHAEL A. SHIPP**
                                          **UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff shall **not** indicate that he will file opposition upon the Court's request or offer any other justification in lieu of filing an opposition brief.

4