CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

<u>**Not for Publication**</u>

July 10, 2017

**LETTER OPINION**

<u>**VIA CM/ECF**</u>
All counsel of record

Re:   *Akinsanmi v. Nationstar Mortgage, et al.*
<u>Civil Action No. 16-7732 (MAS) (TJB)</u>

Dear Counsel:

This matter comes before the Court on Motions to Dismiss filed by Defendants Nationstar Mortgage ("Nationstar") and U.S. Bank, N.A. ("U.S. Bank") (ECF No. 6), and Defendant Bank of America, N.A. ("Bank of America") (collectively, "Defendants") (ECF No. 22). Bank of America also filed a Motion to Strike. (ECF No. 29.)

The Court considers Defendants' Motions to Dismiss unopposed. By way of background, Plaintiff Lawrence Akinsanmi ("Plaintiff") has repeatedly disregarded the Court's orders despite the Court's numerous attempts to provide Plaintiff opportunities to comply. Plaintiff initiated this action on October 23, 2016, and proceeded to file for emergency relief on November 23, 2016. (ECF Nos. 1, 3.) On December 5, 2016, the Court ordered Plaintiff to serve Defendants personally with pertinent documents by December 9, 2016. (ECF No. 5.) On December 9, 2016, Nationstar and U.S. Bank filed a Motion to Dismiss (ECF No. 6), and Plaintiff failed to file opposition. Additionally, Plaintiff failed to comply with the Court's Order to serve Defendants and provided no explanation until December 19, 2016. (ECF No. 9.) In Plaintiff's December 19, 2016 correspondence, Plaintiff failed to provide any proof of service and asserted that Plaintiff would "re-serve" Defendants upon an Order by the Court. (*Id.*) To accommodate Plaintiff's request, the Court ordered Plaintiff to serve Defendants. (ECF No. 11.)

In light of Plaintiff's continued failure to serve Defendants, the Court issued an Order to Show Cause on February 3, 2017, requiring Plaintiff to: (1) file proof of service; (2) file opposition to Nationstar and U.S. Bank's Motion to Dismiss; and (3) explain why the Court should not deny Plaintiff's request for emergent relief "for failure to demonstrate immediacy." (ECF No. 13.) On February 24, 2017, Plaintiff filed correspondence stating that Defendants would be served shortly. (ECF No. 15.) Plaintiff further stated: "I will make sure to complete everything in a timely process from now on for this case." (*Id.*) In separate correspondence, Plaintiff further stated that "if the [C]ourt orders us to respond to the motion to dismiss or file an amended complaint to address the outstanding issues, we will of course do so immediately." (ECF No. 17.) On March 9, 2017,

Plaintiff filed proof of service with respect to Nationstar (ECF No. 19) but not U.S. Bank (ECF No. 20).[1] On April 4, 2017, Bank of America filed a Motion to Dismiss. (ECF No. 22.)

On May 4, 2017, the Court denied Plaintiff's request for emergent relief. (ECF No. 23.) The Court reasoned that "Plaintiff's failure to comply with the Court's Orders in a timely manner militates against the alleged immediacy of his motion for a preliminary injunction." (*Id.*) Additionally, in light of Plaintiff's failure to file timely opposition to Defendants' Motions to Dismiss, on May 4, 2017, the Court issued an Order to Show Cause requiring Plaintiff, by May 15, 2017, to: (1) explain why the Complaint should not be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Orders; (2) explain why Plaintiff failed to file timely opposition to Defendants' Motions to Dismiss; and (3) attach Plaintiff's proposed opposition brief to his response to the Order to Show Cause if Plaintiff intended to oppose Defendants' Motions. (ECF No. 25.)

On May 9, 2017, Plaintiff filed an Amended Complaint without first seeking leave from the Court. (ECF No. 26.) On May 15, 2017, Plaintiff responded to the Court's Order to Show Cause arguing that the Complaint should not be involuntarily dismissed. (ECF No. 27.) Plaintiff explained that all Court filings were being diverted to Plaintiff's "spam box." (*Id.* at 2.) Plaintiff further explained that "the only reason [he would] know there was an update[] was because opposing counsel sent [him] correspondence[] of the filings." (*Id.*) Plaintiff again assured the Court that he would respond to all deadlines "in a timely manner from now." (*Id.*) Plaintiff, however, failed to attach an opposition brief as ordered by the Court and never subsequently filed an opposition brief in response to Defendants' Motions to Dismiss. Rather, Plaintiff attached another amended complaint without seeking the Court's leave to amend. (ECF No. 27-1.) On May 25, 2017, Bank of America filed a Motion to Strike the Amended Complaint (ECF No. 29), and Plaintiff filed opposition (ECF No. 31).

The Court now considers involuntary dismissal of the Complaint due to Plaintiff's continued failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b). *Poulis v. State Farm Casualty Co.* sets forth the factors that a court must consider when deciding whether to involuntarily dismiss a case, namely:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by [the plaintiff's conduct]; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim.

747 F.2d 863, 868 (3d Cir. 1984). Here, the Court considered alternative sanctions. Accordingly, rather than dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b), the Court will consider Defendants' Motions to Dismiss unopposed.

---

[1] Although the docket entry is labeled as an affidavit of service with respect to U.S. Bank, the actual document only references service upon Nationstar. (*See* ECF No. 20.)

Upon reviewing the Complaint and Defendants' submissions, the Court finds that the *Rooker-Feldman* doctrine applies. "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citations omitted). Plaintiff's property was subject to a final foreclosure judgment and the property was sold back to Plaintiff at the Sheriff's Sale. (Compl. ¶¶ 10-44, ECF No. 1; Chamberlain Cert. Exs. A-E, ECF Nos. 6-2, 6-3.) Moreover, Plaintiff states that his action arises from Defendants' and the state court judge's failure to "stay[] the sale [of the property] pending the outcome of [Plaintiff's loan] modification [application]." (Compl. ¶ 41.) Plaintiff, therefore, seeks to: "nullify the sale of the property," be given the "opportunity to modify [the] mortgage loan," and "stay[] any on[-]going eviction process." (*Id.* at 9-11.) As Plaintiff's action seeks to invalidate the underlying state court foreclosure decision, the Court grants Defendants' Motions to Dismiss pursuant to the *Rooker-Feldman* doctrine.

Additionally, "the Court finds that amendment would be futile because Plaintiff lacks standing to assert any claims not otherwise barred by [the] *Rooker-Feldman* [doctrine]." *Martinez v. Bank of America, N.A.*, No. 15-8926, 2016 WL 1135441, at *5 (D.N.J. Mar. 22, 2016). Accordingly, the Court dismisses the Complaint with prejudice. As Plaintiff's claims are dismissed on all counts with prejudice, the Court denies Bank of America's Motion to Strike as moot. The Court will issue an Order consistent with this Letter Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**