UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AKINSANMI,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, et al.,

    Defendants.

Civil Action No. 16-7732 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on its review of the docket in this action. On July 10, 2017, the Court dismissed Plaintiff Lawrence A. Akinsanmi's ("Plaintiff") Complaint with prejudice. (Order, ECF No. 33.) In the accompanying Letter Opinion, the Court outlined Plaintiff's counsel's repeated failure to comply with the Court's orders. (Letter Opinion 1-2, ECF No. 32.) The Court, however, did not dismiss the Complaint based on these issues, but instead found that the *Rooker-Feldman* doctrine applied and any amendment to the pleading would be futile. (*Id.* at 3.) The Court, therefore, dismissed the Complaint with prejudice and, correspondingly, denied Defendant Bank of America's Motion to Strike as moot. (ECF No. 33.)

On October 3, 2017, approximately three months after the Court dismissed the Complaint with prejudice, Plaintiff filed a motion, docketed as a "Motion for Reconsideration," but titled "Plaintiff's Response to Motion to Strike by Bank of America." (ECF No. 34.) Based on the substance of the submission, the Court determined that it should be treated as a Motion for Reconsideration. (Order n.1, ECF No. 34.) The Court denied Plaintiff's Motion as untimely, because it was filed approximately three months after the Order, well beyond the fourteen-day time limit. (*Id.* at 2.) As a result, the civil case was terminated.

On November 28, 2017, Plaintiff (directly, not through his attorney) filed correspondence (Letter, ECF No. 36), attaching a "Motion for Temporary Restraining Order," and stating that he thought his attorney filed the attached emergency motion, which he was now submitting himself. The motion was dated October 22, 2017 and contained Plaintiff's attorney's "s/" signature. (*Id.*) The next day, the Court entered a Text Order reminding the parties that the matter is closed and advising that the submission would therefore not be considered. (Text Order, ECF No. 37.)

Despite the Court's Text Order, on December 4, 2017, Plaintiff's counsel filed two additional motions: (1) a Motion for Reconsideration pursuant to Rule 60(b), seeking reconsideration of the Court's July 10, 2017 decision and the Court's denial of Plaintiff's first motion for reconsideration (ECF No. 38); and (2) a Motion for Temporary Restraining Order, which appears to be the same document Plaintiff previously filed on November 28, 2017, and again is dated October 22, 2017 (ECF No. 39). In the Motion for Reconsideration, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply.[1] (ECF No. 38.) Plaintiff does not set forth any information that would constitute a valid basis upon which to grant a motion for reconsideration. (*See id.*)

On December 19, 2017, Defendants Nationstar Mortgage ("Nationstar"), Bank of America, N.A., and U.S. Bank, N.A. filed opposition to Plaintiff's December 4, 2017 submissions, arguing that: the case is closed, the matter was terminated, and there was no motion or request to reopen the case; the submissions are improper and untimely; and, in any event, Plaintiff's request is moot because Plaintiff is attempting to enjoin a sheriff sale that occurred over a year ago. (ECF No. 40.)

---

[1] Plaintiff also argues that: the claim is timely, based on a decision in the Northern District of Illinois; the entire controversy doctrine does not apply; and Plaintiff should be permitted to amend the Complaint. None of Plaintiff's additional arguments is relevant, however, because the Court dismissed the Complaint based on the *Rooker-Feldman* doctrine.

2

On January 2, 2018, Plaintiff (directly, not through his attorney) filed correspondence requesting the Court to order Nationstar to permit Plaintiff to apply for a loan modification with another financial institution where he has been prequalified. (ECF No. 41.)

As the Court previously explained in its November 29, 2017 Text Order, this matter is closed. There has been no attempt to properly re-open this matter, and none of the currently-pending submissions are properly before the Court. The Court, therefore, will not consider these submissions.[2]

Accordingly, based upon the reasons set forth above, the Court's inherent power to control the matters on its docket, and other good cause shown,

**IT IS** on this 12th day of January 2018 **ORDERED** that:

1. Plaintiff's Motions (ECF No. 38 and 39) are terminated.

2. Plaintiff's counsel shall serve on Plaintiff: (1) a copy of the Court's July 10, 2017 Letter Opinion and Order; and (2) a copy of this Order.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's counsel has repeatedly disregarded the orders of this Court and the Federal Rules of Civil Procedure throughout this entire action. (*See, e.g.*, Letter Opinion, ECF No. 32.) Further disregard for the rules may result in an Order to Show Cause as to why discipline should not be imposed against counsel.

3